# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>COLIN MCCABE (dba ELITE STOCK REPORT, THE STOCK PROFITEER, and RESOURCE STOCK ADVISOR),<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13-cv-161-TS-PMW<br><br><br>District Judge Ted Stewart<br><br>Magistrate Judge Paul M. Warner |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is the Securities and Exchange Commission's ("Plaintiff") motion to compel.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 36.

[2] *See* docket no. 35.

## **LEGAL STANDARDS**

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).

In *In re Cooper Tire & Rubber Company*, 568 F.3d 1180 (10th Cir. 2009), the Tenth Circuit clarified that the 2000 Amendments to rule 26 "implemented a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action." *Id*. at 1188. The Tenth Circuit further stated that

> when a party objects that discovery goes beyond that relevant to
> the claims or defenses, "the court would become involved to
> determine whether the discovery is relevant to the claims or
> defenses and, if not, whether good cause exists for authorizing it so
> long as it is relevant to the subject matter of the action." This
> good-cause standard is intended to be flexible. When the district

> court does intervene in discovery, it has discretion in determining what the scope of discovery should be.  "[T]he actual scope of discovery should be determined according to the reasonable needs of the action.  The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested."

*Id*. at 1188-89 (quoting Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1)) (citations and footnote omitted) (alteration in original).

## ANALYSIS

Colin McCabe ("Defendant") was a publisher of investment newsletters.  Subscribers to his newsletters paid annual fees to receive his newsletter discussing market commentary and stock recommendations.  Defendant was also occasionally paid to write and distribute paid advertisements discussing particular stocks.

On March 5, 2013, Plaintiff brought this civil action against Defendant for various securities law violations.  Defendant responded to the complaint with a motion to dismiss.[3]  Following briefing and oral argument, Judge Stewart granted the motion in part and dismissed Plaintiff's first claim against Defendant, which alleged that Defendant made false and misleading research claims.[4]  Judge Stewart denied the motion in part as to Plaintiff's other two claims, which allege that Defendant did not disclose stock promotion payments to paid subscribers of his newsletter and that Defendant made false and misleading statements concerning Guinness Exploration ("Guinness").[5]

---

[3] *See* docket no. 16.

[4] *See* docket no. 27.

[5] *See id*.

On April 25, 2014, Plaintiff served discovery requests on Defendant, which included Interrogatory No. 1, Request for Production No. 2, and Request for Production No. 4. Those three discovery requests are the subject of the instant motion. The court will address the requests in turn.

### I. Interrogatory No. 1

Interrogatory No. 1 seeks information about Defendant's costs associated with his promotional publications related to six issuers of stock that Defendant promoted for the time period of 2009 through the first quarter of 2011.[6] Defendant objected to Interrogatory No. 1 on the bases that it is overly broad and unduly burdensome. Subject to those objections, Defendant produced documents reflecting the costs incurred for his paid publications concerning Guinness.

In its motion, Plaintiff argues that the information sought by Interrogatory No. 1 is directly relevant to the issue of disgorgement and the issue of scienter on Plaintiff's fraud claim. In response, Defendant does not argue that Interrogatory No. 1 overly broad or unduly burdensome. Instead, Defendant argues that his response to Interrogatory No. 1 was sufficient because the information sought by Plaintiff relative to the stock issuers other than Guinness is not relevant to Plaintiff's remaining claims in this case. More specifically, Defendant contends that he has provided information concerning his paid promotions for Guinness, which relates to Plaintiff's pending claim concerning Guinness. Defendant further maintains that he should not have to provide information concerning his promotions for the other five issuers of stock because

---

[6] Interrogatory No. 1 was not originally limited to certain issuers of stock or to a certain time period. However, as indicated in Plaintiff's motion, Plaintiff has now agreed to limit Interrogatory No. 1 to six issuers of stock and to the time period of 2009 through the first quarter of 2011.

that information is not relevant to Plaintiff's other pending claim, which involves alleged false and misleading statements made to Defendant's newsletter subscribers, not any such statements made in his paid promotions.  Defendant also argues that the only information that is relevant to the issue of disgorgement is the information related to Guinness and that none of the information sought by Interrogatory No. 1 is relevant to the issue of scienter.

The court concludes that Defendant is unilaterally attempting to limit the scope of discovery and has taken an overly narrow view of Plaintiff's remaining claims.  The court cannot say that, under the broad scope of discovery, the information sought by Interrogatory No. 1 is not relevant to the claims and defenses in this case.

Furthermore, even if Defendant had been able to persuade the court that the information sought by Interrogatory No. 1 is not relevant to the claims and defenses in this case, the court would have nevertheless concluded that good cause exists for expanding the scope of discovery in this case to require production of the information sought by Interrogatory No. 1 because it is information that is relevant to the subject matter of this case.  *See In re Cooper Tire & Rubber Company*, 568 F.3d at 1188-89.  Indeed, for the reasons set forth by Plaintiff, the court concludes that information sought by Interrogatory No. 1 is reasonably calculated to lead to the discovery of admissible evidence concerning disgorgement and scienter.

Based on the foregoing, this portion of Plaintiff's motion is granted.  Defendant shall, within thirty (30) days after the date of this order, provide all information responsive to Interrogatory No. 1 for the six designated issuers of stock for the time period of 2009 through the first quarter of 2011.

## II. Request for Production No. 2

Request for Production No. 2 seeks copies of Defendant's and his entities' brokerage account statements for the years 2009 through 2013. Defendant objected to Request for Production No. 2, arguing that it is not seeking relevant information, is vague and ambiguous, is unduly burdensome, and violates his rights to privacy.

In its motion, Plaintiff argues that the information sought by Request for Production No. 2 is relevant in this case because it will help to determine whether Defendant owned any of the stocks he was promoting to his newsletter subscribers and whether he received any profits from the sale of any relevant stock. Plaintiff contends that this information is relevant to the issue of disgorgement and the issue of scienter. Plaintiff further argues that the request is not vague or ambiguous, is not unduly burdensome, and does not violate Defendant's right to privacy.

In response, Defendant argues that Request for Production No. 2 is vague and ambiguous because it asks Defendant to produce "brokerage accounts." Defendant also argues that whether he owned any stocks that he recommended to subscribers is not information that is relevant because it does not directly relate to Plaintiff's remaining claims. Defendant contends that any such information is "untethered" from Plaintiff's claims.

The court first addresses Defendant's argument concerning whether Request for Production No. 2 is vague and ambiguous. The court concludes that said argument is without merit. While Plaintiff could have drafted the request more artfully, it is clear based on the briefing of the instant motion that the request is seeking brokerage account statements.

The court next addresses Defendant's relevance argument. Again, the court concludes that Defendant is unilaterally attempting to limit the scope of discovery and has taken an overly

6

narrow view of Plaintiff's remaining claims.  The court again notes that the scope of discovery is broad.  Under that broad scope, and for the reasons set forth by Plaintiff, the court concludes that the information sought by Request for Production No. 2 is relevant to the claims and defenses in this case.

Further, even if Defendant had been able to persuade the court that the information sought by Request for Production No. 2 is not relevant to the claims and defenses in this case, the court would have nevertheless concluded that good cause exists for expanding the scope of discovery in this case to require production of the information sought by Request for Production No. 2 because it is information that is relevant to the subject matter of this case.  *See In re Cooper Tire & Rubber Company*, 568 F.3d at 1188-89.  As with Interrogatory No. 1, the court concludes that the information sought by Request for Production No. 2 is reasonably calculated to lead to the discovery of admissible evidence concerning disgorgement and scienter.

For these reasons, this portion of Plaintiff's motion is granted.  Defendant shall, within thirty (30) days after the date of this order, provide all information responsive to Request for Production No. 2.  Namely, Defendant shall provide Plaintiff with copies of his and his entities' brokerage account statements for the years 2009 through 2013.  As for any privacy concerns that Defendant may have, he may make such production subject to the protective order entered in this case.

### III. Request for Production No. 4

Request for Production No. 4 seeks copies of the tax returns of Defendant's entities for the years 2009 through 2013.  Defendant objected to Request for Production No. 4 on the bases of overbreadth, undue burden, privilege, and privacy.

In its motion, Plaintiff argues that the information on the tax returns sought should show Defendant's entities' reported income from publications and stock promotion efforts, as well as any profits from stock sales. Plaintiff again argues that such information is relevant to the issue of disgorgement and the issue of scienter.

In response, Defendant again argues that the information on his entities' tax returns is not relevant to Plaintiff's remaining claims. Relying on nonbinding authority, Defendant further argues that, even if the information on the tax returns was relevant, tax returns are legally protected from disclosure in discovery, absent "a compelling need for [the] information because the information contained therein is not otherwise readily obtainable." *Trudeau v. New York State Consumer Prot. Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y. 2006). Defendant relies upon the same authority for the proposition that "if the information contained in the tax return is otherwise available from other less intrusive sources, compelled discovery of the return should be denied." *Id*. Defendant contends that he has provided bank account statements for all of his entities for the time period in question, which provides all of the information sought by way of Request for Production No. 4.

The court concludes that Defendant's relevance argument fails. The court concludes, for the reasons set forth by Plaintiff, that the information sought by Request for Production No. 4 is relevant to the claims and defenses in this case. And, again, even if Defendant had been successful in making his argument concerning relevance to the claims and defenses in this case, the court would have nevertheless concluded that good cause exists for expanding the scope of discovery in this case to require production of the information sought by Request for Production No. 4 because it is information that is relevant to the subject matter of this case. *See In re*

*Cooper Tire & Rubber Company*, 568 F.3d at 1188-89.  As with the previous two discovery requests, the court concludes that the information sought by Request for Production No. 4 is reasonably calculated to lead to the discovery of admissible evidence concerning disgorgement and scienter.

The court turns next to Defendant's argument concerning whether his entities' tax returns are legally protected from disclosure in discovery.  Under the circumstances of this case, the court concludes that they are not entitled to such protection.  Defendant contends that the information Plaintiff claims to be seeking is not ascertainable from tax returns.  Defendant further contends that the bank statements he has produced provide all of the information Plaintiff is seeking.  The court disagrees on both points.  As Plaintiff has noted, the tax returns sought will contain the exact information that Plaintiff is seeking to discover.  In addition, the tax returns will contain much more detailed financial information about Defendants' entities than the information that can be gleaned from bank statements.  For those reasons, the court concludes that there is "a compelling need for [the] information because the information contained therein is not otherwise readily obtainable."  *Trudeau*, 237 F.R.D. at 331.

For those reasons, this portion of Plaintiff's motion is granted.  Defendant shall, within thirty (30) days after the date of this order, provide all information responsive to Request for Production No. 4 for the years 2009 through 2013.  As for any of Defendant's privacy concerns, the court again notes that a protective order has been entered in this case.  Defendant may make any such production in response to Request for Production No. 4 subject to that protective order.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion to compel[7] is **GRANTED**. As detailed above, within thirty (30) days after the date of this order, Defendant shall provide responses to Interrogatory No. 1, Request for Production No. 2, and Request for Production No. 4. Where applicable, Defendant may make such production subject to the protective order entered in this case.

As a final matter, the court notes that in granting Plaintiff's motion to compel, the court concludes only that the information sought by Interrogatory No. 1, Request for Production No.2, and Request for Production No. 4 is discoverable. The court renders no opinion about whether such information will eventually be admissible. Admissibility determinations will be made by Judge Stewart at the appropriate time in this case.

**IT IS SO ORDERED**.

DATED this 30th day of December, 2014.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket no. 35.