IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>COLIN McCABE (D/B/A ELITE STOCK REPORT, THE STOCK PROFITEER, and RESOURCE STOCK ADVISOR),<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:13-cv-00161-TS-PMW<br><br><br>District Judge Ted Stewart<br><br>Magistrate Judge Paul M. Warner |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Defendant Colin McCabe's ("Defendant") motion to compel further production of documents; (2) Defendant's motion to compel further responses to certain interrogatories from Plaintiff Securities & Exchange Commission ("SEC"), and (3) the SEC's motion for protective order to stay and quash Defendant's 30(b)(6) deposition subpoena.

## BACKGROUND

Defendant is a Canadian citizen who resides or resided in British Columbia. Defendant distributed newsletters to U.S. investors containing stock investment recommendations. The British Columbia Securities Commission ("BCSC") and the SEC separately investigated Defendant's actions in connection with these newsletters. The two agencies exchanged communications and

---

[1] Docket no. 50.

1

documents, including transmittal letters, in the course of their respective investigations as provided for under Section 24(d) of the Securities Exchange Act of 1934 (the "Exchange Act") and the International Organization of Securities Commissions' ("IOSCO") Multilateral Memorandum of Understanding Concerning Consultation and Cooperation and the Exchange of Information ("MMOU"). Jason Casey, an attorney, appears to have been the lead SEC investigator.

Based on the results of its investigation, the SEC brought the underlying civil action alleging that Defendant "touted various stocks to investors while making false and misleading representations and omissions, and receiving substantial fees for himself which were not disclosed to his subscriber received failed to disclose that he received compensation from businesses."[2] Specifically, the SEC alleges that Defendant "received approximately $16 million in fees for promoting ten stocks that he also touted to his subscribers under false pretenses." The SEC's complaint seeks an injunction against Defendant, disgorgement of alleged ill-gotten gains, and a civil monetary penalty.

On May 30, 2014, Defendant served requests for production and interrogatories on the SEC. The SEC included general objections to both sets of discovery, as well as specific objections to certain requests and interrogatories. Interrogatories nos. 3, 4, 12, and 13 requested that the SEC provide "all facts" regarding various contentions in the SEC's complaint. The SEC included specific objections that each of these interrogatories was "unduly burdensome" and "overly broad," but still responded. Subsequently, the SEC supplemented its interrogatory responses, still subject to the objections.

---

[2] Docket no. 2.

In addition, the SEC produced documents responsive to Defendant's request for production; this production was subsequently supplemented. However, during the July 25, 2014 deposition of the Defendant, the SEC introduced certain documents with bates stamps that Defendant had not previously seen, and Defendant requested that all such documents be produced. The SEC subsequently produced most of the "BCSC/BSCS_E"-stamped documents, even though the SEC contended that most of the documents were duplicative of documents produced previously with a different bates stamp.

The SEC also produced a number of communications between the SEC and the BCSC, including transmittal letters. Through the meet and confer process, Defendant advised the SEC that these communications were within the scope of the original request for production. The SEC asserted that communications with the BCSC were privileged, and that the transmittal letters, but not the documents transmitted, were privileged. Prior to the underlying motions, it does not appear that the SEC contended that that the SEC's production of certain communications with the BCSC was inadvertent, or that the SEC requested the return or destruction of the BCSC communications.

On November 14, 2014, Defendant filed its motion to compel further responses to interrogatories nos. 3, 4, 12, and 13 without objections and to compel production of the remaining BCSC communications.

On November 11, 2014, Defendant noticed the SEC's deposition pursuant to rule 30(b)(6) of the Federal Rules of Civil Procedure. On November 18, 2014, the SEC filed a motion for protective order to stay and quash the Rule 30(b)(6) notice in its entirety. The SEC's motion asserts that the 30(b)(6) deposition is irrelevant, privileged, subject to the work product doctrine, and confidential. The SEC's motion appears to contend that the SEC enjoys blanket immunity from Rule 30(b)(6) depositions generally, and specifically that the SEC need not produce a 30(b)(6) deponent because

the SEC's pretrial investigator, Mr. Casey, is an attorney, and the SEC chose to use Mr. Casey as one of several attorneys acting as trial counsel.

## ANALYSIS

### A. SEC's Motion for Protective Order

The SEC moves to quash Defendant's Rule 30(b)(6) subpoena and for a protective order from any such deposition. The SEC argues that the topics of inquiry are irrelevant; that the SEC is immune from all 30(b)(6) depositions; and that the SEC's use of an attorney as an investigator and inclusion of the SEC's investigator on the trial team makes all aspects of the pretrial investigation privileged.

The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant "if the discovery appears reasonably calculated to lead to discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The scope of discovery is broad. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). The federal discovery rules reflect the recognition that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Given this policy, Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649-50 (D.N.M. 2007) (internal quotation marks omitted).

Rule 30(b)(6) permits a party to notice the deposition of "a governmental agency." Upon receiving a notice, the agency must "designate one or more officers, directors, or managing

agents, or designate other persons to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization." "The Rule 30(b)(6)deponent must make a 'conscientious good-faith endeavor to designate the persons having knowledge of the matters sought' and to prepare those persons so they can 'answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'" *F.T.C. v. CyberSpy Software, LLC*, 2009 WL 2386137, *1 (M.D. Fla. 2009) (quoting *S.E.C. v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y.1992)).

Rule 30(b)(6) expressly applies to a government agency and provides neither an exemption from Rule 30(b)(6), nor "special consideration concerning the scope of discovery, especially when [the agency] voluntarily initiates an action." *S.E.C. v. Collins & Aikman Corp.,* 256 F.R.D. 403, 414 (S.D.N.Y. 2009); *United States ex rel. Fry v. Health Alliance of Greater Cincinnati,* 2009 WL 5227661, *2 (S.D. Ohio 2009) (citing *Yousuf v. Samantar,* 451 F.3d 248, 255 (D.C. Cir. 2006)).

Here, the deposition topics appear highly relevant and well within the scope of permissible discovery.[3] In fact, it is difficult to conceive of deposition topics more relevant and appropriate than, for example, "5. Plaintiff's claims in this action relating to statements or omissions made in connection with Defendant's subscription-based newsletters and the relief sought."[4] This is the very crux of the underlying dispute. It is the million-dollar—or as the SEC alleges, multi-million-dollar—question. The SEC voluntarily brought an action against

---

[3] As noted in the court's ruling on an earlier discovery motion, this court renders no opinion on the admissibility of any of the information or documents; such determinations will be made by the trial court judge at the appropriate time.

[4] Docket no. 50 at 2.

5

Defendant making serious allegations and seeks millions of dollars in disgorgement and civil penalties. Defendant is entitled to broad discovery to understand and prepare a defense against these allegations. The other deposition topics also appear to fit within the scope of relevant inquiry.

The SEC cites *S.E.C. v. Keating*, 1992 WL 207918, 3 (C.D.Cal.1992) for the proposition that nothing about the SEC's prefiling investigation is discoverable. The *Keating* opinion is not binding on this court; cites no authority to support this position; arises from a motion to strike a frivolous affirmative defense, not a discovery dispute; and does not appear to have been cited by any other court for the SEC's proposition. Further, the *Keating* action was solely for injunctive relief, not actual damages. *S.E.C. v. Keating*, 1992 WL 207918, 3 (C.D. Cal.1992) ("the SEC is alleging wrongdoing, but *not* seeking damages"). Accordingly, this court does not find *Keating* persuasive or applicable here.

Rather, this court follows the letter and spirit of the Federal Rules of Civil Procedure regarding discovery and the United States Supreme Court's maxim that "[d]iscovery . . . is not a one-way proposition." *Hickman*, 329 U.S. at 507. One-sided discovery would be like a boxing match in which only one boxer is allowed to throw punches. Such an outcome would be fundamentally unjust and inefficient, and ultimately protracts litigation and limits the potential for settlement or resolution. This court will not countenance such a lopsided approach.

The SEC incorrectly states that Defendant "seeks the testimony of the investigating lawyer at the SEC."[5] Rule 30(b)(6) does not permit the subpoenaing party to designate the deponent; rather, the agency ascertains the person or persons most capable of responding. The SEC avers that "[t]he investigating attorney, who appeared as trial counsel, is the proper person

---

[5] Docket no. 42 at 1.

to respond to each category" of the deposition notice. However, it is well-established that an attorney may wear different "hats" at different times; the mere fact of being an attorney does not mean everything that person does is privileged, and the SEC cannot defeat the provisions of 30(b)(6) by using an investigator with an "esq." after his name, or by subsequently naming an investigator as part of the SEC's trial team. Ultimately, it is up to the SEC to designate someone who is not conflicted either by status or privilege issues.

As discussed in Section B below, the SEC also fails to provide any evidence that the BCSC "has in good faith determined and represented to the Commission that the information is privileged" as required to invoke the Exchange Act.

To the extent Defendant's examination strays into truly privileged or irrelevant areas, the court is confident that the SEC's counsel is familiar with the appropriate procedure for objecting at a deposition, and, if required, involving the court.

Based on the foregoing, SEC's motion for protective order is **DENIED**. The SEC shall designate and make the 30(b)(6) deponent(s) available for deposition within 30 days of the date of this order.

**B. Defendant's Motion to Compel Further Production of Documents**

The SEC sole basis for assertion of privilege is "Section 24 of the Exchange Act, the Memorandum of Understanding with the BCSC, [and] the Multilateral Memorandum of Understanding Concerning Consultation and Cooperation."[6] The SEC "does not rely on the deliberative privilege or investigatory privilege."[7]

Section 24(f)(2) of the Exchange Act provides:

---

[6] Docket no. 45.

[7] *Id.*

>The Commission shall not be compelled to disclose *privileged* information obtained from any foreign securities authority, or foreign law enforcement authority, *if the authority has in good faith determined and represented to the Commission that the information is privileged.*

(emphasis added).

Article Seven of the MOU between the SEC and the BCSC provides:

>27. Except for disclosures in accordance with the MOU, including permissible uses of information under Article Six, each Authority will keep *confidential to the extent permitted by law*, *information shared under this MOU, requests made under this MOU, the contents of such request, and any other matters arising under this MOU*.

(emphasis added).

In addition, the SEC and BCSC are parties to the IOSCO MMOU. Paragraph 11 of the MMOU provides:

>(a) Each Authority will keep *confidential* requests made under this Memorandum of Understanding, the *contents of such requests*, and any matters arising under this Memorandum of Understanding, including *consultations between or among the Authorities*, and unsolicited assistance. After consultation with the Requesting Authority, the Requested Authority may disclose the fact that the Requesting Authority has made the request if such disclosure is required to carry out the request.
>
>(b) The Requesting Authority will not disclose non-public documents and information received under this Memorandum of Understanding, *except* as contemplated by paragraph 10(a) or *in response to a legally enforceable demand. In the event of a legally enforceable demand, the Requesting Authority will notify the Requested Authority prior to complying with the demand, and will assert such appropriate legal exemptions or privileges with respect to such information as may be available.* The Requesting Authority will use its best efforts to protect the confidentiality of non-public documents and information received under this Memorandum of Understanding.

(emphasis added).

Thus, Section 24 and the memoranda of understanding require the SEC to work to keep requests, the contents of the request, and information exchanged *confidential*. However, confidentiality is not the same as privilege, and nothing cited by the SEC expressly creates an

8

independent basis for *privilege*.  Rather, Section 24 only precludes disclosure of "*privileged information obtained from any foreign securities authority, or foreign law enforcement authority, if the authority has in good faith determined and represented to the Commission that the information is privileged.*"  The SEC cites nothing to support a "good faith determination and representation" by the BCSC that the transmittal letters are privileged.  Absent evidence of such a determination and representation by the BCSC, Section 24 does not appear to create an independent basis for the assertion of privilege by the SEC.

Section 24 only requires the SEC to maintain the records exchanged with BCSC "confidential" barring a "legally enforceable demand."  As of the date of this order, the SEC has a legally enforceable demand to produce the documents exchanged with the BCSC which are responsive to Defendant's requests for production.

Moreover, the failure to protect privileged documents waives the privilege.  Here, the SEC produced a number of transmittal letters, but failed to show that the production was inadvertent or any actions by the SEC to recover the documents since October 17, 2014.

Accordingly, the SEC has failed to establish an applicable privilege, and to the extent one existed, waived it by failing to assert or preserve that privilege.

Defendant's motion to compel further production of documents is **GRANTED**.  The SEC shall produce the documents at issue within 14 days of the date of this order.  The SEC may mark the documents "Confidential" where applicable, or seek a protective order as appropriate.

   **C. Defendant's Motion to Compel Further Responses**

Defendant moved to compel the SEC to provide further supplemental responses and to remove the objections.  Interrogatories requesting "all facts" are subject to objection in their entirety, and such objections are routinely upheld.  Here, the SEC raised these objections, but

still responded to the interrogatories and even supplemented its responses.  Given the potentially objectionable nature of the interrogatories at issue, the fact that the SEC responded and supplemented its responses, and the court's allowing the 30(b)(6) deposition, Defendant's motion to compel further responses is **DENIED**.

**IT IS SO ORDERED**.

DATED this 22nd day of May, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge