## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff<br><br>               v.<br><br>COLIN MCCABE (D/B/A<br>ELITE STOCK REPORT,<br>THE STOCK PROFITEER,<br>and RESOURCE STOCK ADVISOR),<br><br>               Defendants, | **CORRECTED FINAL JUDGMENT AGAINST DEFENDANT COLIN MCCABE**<br><br>Case No. 2:13-CV-161 TS<br><br>District Court Judge Ted Stewart |

The Securities and Exchange Commission having filed a Complaint and Defendant Colin McCabe ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Corrected Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Corrected Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact
necessary in order to make the statements made, in the light of the circumstances
under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would
operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Corrected Final Judgment by personal service or otherwise:  (a)
Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active
concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
is liable for disgorgement of $136,675.29, representing subscriber subscription profits gained as
a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in
the amount of $21,513.24, for a total of $158,188.53.  Defendant shall satisfy this obligation as
set forth in paragraph V.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan
to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the
administration of any distribution of the Fund.  If the Commission staff determines that the Fund
will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment
to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following payments as set forth in paragraph V.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $120,000.00 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Securities Exchange Act of 1935, [15 U.S.C. § 78u(d)(3)].  Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph V below after entry of this Corrected Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> HQ Bldg, Room 181, AMZ - 341
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Colin McCabe as a defendant in this action; and specifying that payment is made pursuant to this Corrected Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

3

identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission may send the funds paid pursuant to this Corrected Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

McCabe shall pay the total of disgorgement, prejudgment interest, and civil penalty due of $278,188.53 in four installment payments to the Commission according to the following schedule:  (1) $69,547.13 will be placed in escrow at the time of the settlement.  Once this Corrected Final Judgment is entered the amount will be applied by the Securities and Exchange Commission to the Corrected Final Judgment amount within 14 days of entry of the Corrected Final Judgment; (2) $69,547.13 will be paid on December 15, 2015; (3) $69,547.13 will be paid on March 15, 2016; (4) $69,547.14 will be paid on June 15, 2016.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Corrected Final Judgment.  Prior to making the final payment set forth herein, Defendant or his counsel shall contact the staff of the Commission for the amount due for the final payment.

If McCabe fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Corrected Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

4

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Corrected Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Corrected Final Judgment.

.

Dated:  August 13, 2015

_____
UNITED STATES DISTRICT JUDGE

5